IN THE UNITED STATES DISTRICT COURT24
NORTHERN DISTRICT OF OHIO
EASTERN DIVISON

| LOUIS CAMPBELL, | ) | CASE NO.1:18-CV-01571 |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL SECURITY, | ) | **MEMORANDUM OPINION & ORDER** |
| Defendant. | ) | |

## Introduction

Before me[1] is an action by Louis Campbell under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security denying his application for supplemental security income.[2] Because substantial evidence supports the ALJ's no disability finding, the ALJ's decision is affirmed.

## Issues Presented

This case presents the following issues for review:

- The ALJ found that Campbell's gunshot wound was a non-severe impairment.[3] Having found other impairments of Campbell's severe,[4] the ALJ proceeded to the other steps in the sequential disability analysis. Did the ALJ err in finding Campbell's gunshot wound a non-severe impairment?

---

[1] ECF No. 14. The parties have consented to my exercise of jurisdiction.
[2] ECF No. 1.
[3] ECF No. 10, Transcript ("Tr.") at 14.
[4] *Id.* at 13.

- Consulting examiner Dr. Benis opined that Campbell "had mild limitations to standing long periods of time and walking long distances due to his history of low back pain and gunshot wound injury."[5] The ALJ gave her opinion little weight at Step Two, "as it was based on impairments identified above as nonsevere or not medically determinable."[6]

## Analysis

This appeal centers on Campbell's claim of "history of a gunshot wound" as a severe impairment and the ALJ's treatment of the opinion of consulting examiner Dr. Benis, who gave a physical residual functional capacity ("RFC") opinion.

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[7]

---

[5] *Id.* at 213.
[6] *Id.* at 14.
[7] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[8] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[9]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

Campbell claims that because of a gunshot wound sustained in 1993, he has a severe impairment that causes work-related limitations. He never had surgery to remove the pellets that entered his body as a result of the wound.

The following facts are relevant:

- Campbell offered no treating source opinion.

- Dr. Benis noted the gunshot wound in her report.[10] Examination findings were unremarkable. She opined that Campbell had "mild limitations" regarding standing for long periods of time and walking long distances because of "history of low back pain" and "gunshot wound injury."[11] She provided no quantification for these limitations.

- At Step Two, the ALJ gave Dr. Benis's opinion little weight.[12]

- The state agency reviewing physicians reviewed Dr. Benis's report.[13] Both opined that any impairment caused by the gunshot wound was not severe.[14] Both found that Dr. Benis's opinion was not given great weight because of negative

---

[8] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[9] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[10] Tr. at 210, 213.
[11] *Id.* at 213.
[12] *Id.* at 14.
[13] *Id.* at 65, 79.
[14] *Id.* at 69, 81.

3

examination findings and the opinion was based on Campbell's subjective complaints.[15]

- The ALJ does not discuss or weigh the state agency reviewing physicians' opinions.

The ALJ discussed Campbell's gunshot wound and Dr. Benis's opinion at Step Two:

> There are indications in the record of other impairments, including: history of syncope, hypertrophic cardiomyopathy; olecranon bursitis; bilateral carpal tunnel syndrome; thoracolumbar disorders; and history of gunshot wound with neuropathy. However, the record does not reflect more than minimal interference with basic work activities as a result of these impairments. In particular, the record reflects no treatment for these impairments, or else reflects routine treatment that successfully controls relevant symptoms such that they do not more than minimally interfere with basic work activities. Accordingly, these impairments are nonsevere. . .
>
> The opinion of the consultative medical examiner was given little weight, as it was based on impairments identified above as nonsevere or not medically determinable. [16]

Campbell argues that the ALJ used "circular logic" to discredit Dr. Benis's opinion because it did not comport with his Step Two finding, despite the fact that he did not consider it at Step Two or in the RFC assessment.[17] That may be true, and constitute reversible error, if we did not look beyond that single sentence in the ALJ's Step Two analysis. But some authority exists for looking outside a unified statement for analysis of the weight assigned to even a treating source's opinion.[18] And the Sixth Circuit has found

---

[15] *Id.* at 71, 83.
[16] *Id.* at 14.
[17] ECF No. 18 at 2-3.
[18] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).

4

that even an ALJ's good reasons for discounting treating source opinions may be implied.[19] Here, the face of Dr. Benis's opinion supports the weight assigned by the ALJ – the examination findings were unremarkable, yet Dr. Benis opined to limitations not supported by the examination. Furthermore, the state agency reviewing physicians had the benefit of Dr. Benis's opinion; not only did they find Campbell's gunshot wound a non-severe impairment, they found Dr. Benis's opinion was not entitled to great weight.[20] While the ALJ did not discuss or weigh the state agency reviewing physicians' opinions, they form part of the record the Court considers on judicial review.

The ALJ also explicitly considered Dr. Benis's unremarkable examination findings, which included normal strength and sensation, normal hand motor function, normal range of motion of the upper extremities, and normal reflexes.[21] This is not a case where the ALJ ignored a contrary line of evidence.

Furthermore, the ALJ stated that he considered all impairments, severe and non-severe, as required at Step Four.

Finally, courts need not remand to the agency where remand is futile.[22] Any remand would be futile considering the evidence of record in this case.

---

[19] *Brock v. Comm'r of Soc. Sec.*, 368 F. App'x 622, 625 (6th Cir. 2010); *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 463, 470-72 (6th Cir. 2006).
[20] Tr. at 69, 71, 81, 83.
[21] *Id.* at 17.
[22] *N.L.R.B. v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969) ("To remand would be an idle and useless formality. Chenery does not require that we convert judicial review of agency action into a ping-pong game. . . There is not the slightest uncertainty as to the outcome of a proceeding before the Board . . . It would be meaningless to remand."); *Wilson*

## Conclusion

Substantial evidence supports the ALJ's no disability finding.  The ALJ's decision is, therefore, affirmed.

IT IS SO ORDERED.

Dated: May 23, 2019                             s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

---

*v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004) (citing and quoting *Wyman-Gordon Co.*, 394 U.S. at 766 n.6)).